1

Matthew D. Murphey, Esq. (SBN 194111)
TROUTMAN SANDERS LLP

2

11682 El Camino Real , Suite 400
San Diego, CA  92130-2092

3

Tel: (858) 509-6000 / Fax: (858) 509-6040
Email:  matt.murphey@troutmansanders.com

4

5

Francis M. Wikstrom, Esq. (admitted *pro hac vice*)
Kristine E. Johnson, Esq. (admitted *pro hac vice*)
PARSONS BEHLE & LATIMER

6

One Utah Center
201 South Main Street, Suite 1800

7

Post Office Box 45898
Salt Lake City, UT 84145-0898

8

Tel.: (801) 532-1234  Fax: (801) 536-6111
Email: fwikstrom@parsonsbehle.com

9

         kjohnson@parsonsbehle.com

10

Attorneys for Plaintiffs and Counter-defendants LIFE
TECHNOLOGIES CORPORATION, MOLECULAR

11

PROBES, INC. and THE REGENTS OF THE
UNIVERSITY OF CALIFORNIA

12

Polaphat Veravanich, Esq. (SBN 203964)

13

LIFE TECHNOLOGIES CORPORATION
5791 Van Allen Way

14

Carlsbad, CA 92008
Tel.: (760) 603-7200  Fax: (760) 476-6048

15

Email: paul.veravanich@lifetech.com

16

Attorney for Plaintiffs and Counter-defendants
LIFE TECHNOLOGIES CORPORATION and

17

MOLECULAR PROBES, INC.

18

UNITED STATES DISTRICT COURT

19

SOUTHERN DISTRICT OF CALIFORNIA

20

LIFE TECHNOLOGIES CORPORATION,
MOLECULAR PROBES, INC., and THE

21

REGENTS OF THE UNIVERSITY OF
CALIFORNIA,

22

                    Plaintiffs,

23

v.

24

EBIOSCIENCE, INC.,

25

                    Defendant.

26

27

AND RELATED COUNTERCLAIMS.

28

Case No.  10-CV-02127 IEG (NLS)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE**

1      Plaintiffs/Counterdefendants LIFE TECHNOLOGIES CORPORATION, MOLECULAR

2   PROBES, INC., and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA (collectively

3   "Plaintiffs"), and Defendant/Counterclaimant EBIOSCIENCE, INC. ("Defendant") respectfully

4   submit the following Memorandum of Points and Authorities in support of the Joint Motion for

5   Determination of Discovery Dispute:

6   **I.**

7   **PLAINTIFFS' POSITION**

8   **A.**   **Summary of Argument**

9      Through this Motion, Plaintiffs seek an order compelling Defendant to comply with its

10  obligations under Patent Local Rule[1] 3.4.a and the Court's Case Management Conference Order

11  ("Scheduling Order").   Despite numerous attempts to meet and confer, Defendant refuses to

12  produce certain categories of technical documents describing the accused eFluor® products (the

13  "Accused Products"), namely:

14        1.   Manufacturing documents, process flow maps, and quality control protocols

15           that describe details and processes relating to the Accused Products such as the

16           manufacture of the core; the manufacture of the shell; the formation of the

17           shell around the core; the materials for any coatings around the shell and the

18           formation of any coatings around the shell; and, for conjugated products, the

19           attachment of the conjugates to the coating of the Accused Products;

20        2.   Up-to-date and complete manufacturing batch records; and

21        3.   Packaging protocols for the current Accused Products.

22     Defendant cannot dispute that these documents fit squarely within the production required

23  by Rule 3.4.a, nor does Defendant deny that it is in possession of them.  Rather, Defendant asserts

24  baseless objections to their production—none of which can be sustained here.

25     As its primary objection, Defendant contends that production of the requested documents

26  is premature because: (a) Defendant's Motion to Stay Action Pending its Request for

27

28  [1]  Hereinafter "Patent L.R." or simply "Rule."

1   Reexamination of the Patents-In-Suit ("Motion to Stay") is pending before the Court; and (b)

2   Defendant is currently in the process of reviewing its document collection such that production of

3   a subset of technical documents now would be inefficient or burdensome.  Neither of these

4   arguments is compelling, and Defendant is hard-pressed to claim that production is premature or

5   burdensome when Plaintiffs were entitled to these documents long ago and as a matter of right.

6   Further, this Court has not granted any stay, and until a stay is granted (if it is), Plaintiffs are

7   entitled to proceed with discovery.  Defendant cannot be allowed to create its own de facto stay of

8   the case by disregarding its obligations under Rule 3.4.a.

9       Defendant also objects on the basis that it has already produced documents sufficient to

10  describe the structure and operation of the Accused Products.  This is incorrect.  Defendant has

11  not produced manufacturing protocols, up-to-date batch records, or packaging protocols for the

12  Accused Products—documents that are essential to understanding the operation and processes of

13  the Accused Products.  Instead, Defendant has produced only two Power Point presentations, one

14  of which appears to have been prepared by a *third party*, Evident Technologies, Inc. ("Evident"),

15  several years ago; three patents that allegedly describe features of the Accused Products; one

16  spreadsheet with a limited data set; and a handful of materials from its website.  However, these

17  documents appear to be outdated and do not describe or confirm the operations or processes of

18  the Accused Products today.  In any event, Defendant misconstrues its obligations under Rule

19  3.4.a, which requires defendants to produce *all* documents that describe the operation or

20  structures of an accused product—not merely documents that may be "sufficient" to describe

21  them.  *I-Flow Corp. v. Apex Med. Techs., Inc.*, 250 F.R.D. 508, 511 (S.D. Cal. 2008).

22      Finally, Defendant questions the relevance of the requested technical documents to claim

23  construction.  This argument is beside the point given that Defendant had a mandatory duty to

24  produce them under Rule 3.4.a.  Nevertheless, it is well-settled that documents describing accused

25  products and their processes are relevant to claims construction in that they provide essential

26  context and supply the parameters and scope of the infringement analysis, including the claims

27  construction component.  *See Wilson Sporting Goods Co. v. Hillerich & Bradsby Co.*, 442 F.3d

28  1322, 1330-31 (Fed. Cir. 2006).

1    In sum, Defendant provides no valid justification for withholding documents that should

2    have been produced per Patent L.R. 3.4.a and this Court's Scheduling Order.  Thus, this Court

3    should grant Plaintiffs' Motion and order that the requested documents be immediately produced

4    without further objection or delay.  Furthermore, as a result of Defendant's delay in production,

5    Plaintiffs will have insufficient time to review the documents before the July 22, 2011 deadline

6    for filing the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint

7    Hearing Statement ("Joint Claim Construction Statement").  As such, Plaintiffs request that the

8    Court continue this deadline, if necessary, by providing Plaintiffs with fourteen days from the

9    date of Defendant's production to allow time for complete analysis of Defendant's technical

10   documents before filing the Joint Claim Construction Statement.  Such an extension should not

11   impact the briefing schedule or the hearing date.

12   **B.**    <u>**Statement of Relevant Facts**</u>

13   Plaintiffs filed this patent infringement action against Defendant on October 12, 2010,

14   alleging Defendant infringed U.S. Patent Letters Nos. 6,423,551 (the "'551 Patent"), 6,699,723

15   (the "'723 Patent"), and 6,927,069 (the "'069 Patent") by making, manufacturing, promoting,

16   marketing, advertising, distributing, offering for sale and selling, and/or causing to be offered or

17   sold certain eFlour® products.  On January 6, 2011, Defendant filed its Answer and Counterclaim

18   against all Plaintiffs.  Plaintiffs subsequently filed a First Amended Complaint on April 11, 2011.

19   On March 4, 2011, the Court issued its Scheduling Order, setting forth pretrial dates and

20   deadlines.  Pursuant to Scheduling Order, on March 16, 2011, Plaintiffs served their Disclosure of

21   Asserted Claims and Preliminary Infringement Contentions, as well as their production pursuant

22   to Patent L.R. 3.2.  On May 16, 2011, Defendant served its Preliminary Invalidity Contentions

23   and documents pursuant to Rule 3.4.a via email and Federal Express, respectively.

24   On May 25, 2011, counsel for Plaintiffs contacted counsel for Defendant explaining the

25   deficiencies in Defendant's production of technical documents and requesting that Defendant

26   supplement its production under Rule 3.4.a.  On June 3, 2011, Defendant responded by asserting

27   that documents such as manufacturing protocols or packaging protocols were not required to be

28   produced under Rule 3.4.a.  Plaintiffs replied on June 8, 2011, explaining that the requested

1  documents were required by Rule 3.4.a.  Later, in a June 16, 2011 letter, Plaintiffs requested the

2  immediate production of the technical documents.  On June 21, Defendant responded by refusing

3  to produce the requested documents, while at the same time "propos[ing] [to] wait[] to further

4  discuss the parties' respective document productions for a few weeks to provide the Court some

5  time to rule on eBioscience's motion to stay."

6      On June 24 and 27, Plaintiffs and Defendant engaged in telephonic meet and confers, but

7  were unable to reach an agreement on Defendant's production of technical information.

8  Accordingly, Plaintiffs have been forced to proceed with this Motion.

9  **C.**     **Plaintiffs Are Entitled To The Requested Documents Under Patent L.R. 3.4.a.**

10     Patent L.R. 3.4 provides, in relevant part:

11          With the "Preliminary Invalidity Contentions," the party opposing a
           claim of patent infringement must produce or make available for
12          inspection or copying:

13          a.      Source code, specifications, schematics, flow charts,
           artwork, formulas, or other documentation sufficient to show the
14          operation of any aspects or elements of any Accused
           Instrumentality identified by the patent claimant in its Patent L.R.
15          3.1.c chart;

16     Rule 3.4.a requires a patent infringement defendant to produce technical documents

17  demonstrating the operation and processes of the accused products.  *See also* Scheduling Order, at

18  ¶ 6.  This Court has taken a broad view of the production requirement under Rule 3.4.a.  In *I-*

19  *Flow Corporation v. Apex Medical Technologies, Inc.*, 250 F.R.D. 508 (S.D. Cal. 2008), this

20  Court examined the scope of the production requirement under Rule 3.4.a.  In-so-doing, the Court

21  evaluated and agreed with the Southern District's ruling in *NessCap Company, Ltd. v. Maxwell*

22  *Technologies*, 2008 U.S. Dist. LEXIS 3357 (S.D. Cal. Jan. 16, 2008), which held that Patent L.R.

23  3.4.a "requires the alleged infringer to produce '**any and all documents** describing the operation

24  or structures of [the] accused devises….'"  *I-Flow Corp.*, 250 F.R.D. at 511, *quoting NessCap*

25  *Co., Ltd.*, 2008 U.S. Dist. LEXIS 3357, at *8 (emphasis in original).

26     In *I-Flow Corporation*, the plaintiff objected to the defendant's Rule 3.4.a production on

27  the basis that it was inadequate, consisting of only 13 pages of documents, including an eight-

28  page sales brochure and five pages of drawings.  *I-Flow Corp.*, 250 F.R.D. at 510.  In response,

1   defendant argued that the production complied with Rule 3.4 because it contained documents

2   "sufficient" to show the accused device's operation.  *Id.*   This Court rejected defendant's

3   argument, finding that Patent L.R. 3.4.a requires a defendant to broadly produce "any and all"

4   documents in its possession that describe the operation or structures of the accused products.  *Id.*;

5   *see also Cryptography Research, Inc. v. Visa Int'l Serv. Ass'n*, 2005 U.S. Dist. LEXIS 37013, at

6   *9 (N.D. Cal. July 27, 2005) (holding that the defendant was required to produce all information

7   in its possession which fit the plaintiff's broader definition of the Rule 3-4 requirements); *IXYS*

8   *Corp. v. Advanced Power Tech., Inc.*, U.S. Dist. LEXIS 10934, *8 (N.D. Cal. June 15, 2004)

9   (stating that the Patent Local Rules "exist to further the goal of full, timely discovery and provide

10  the parties with adequate notice and information with which to litigate their cases, not to create

11  supposed loopholes through which the parties may practice litigation by ambush.")

12        The facts in *I-Flow Corporation* are nearly identical to the facts in this discovery dispute.

13  Here, the only technical documents Defendant has produced are two Power Point presentations, at

14  least one of which appears to have been prepared by another company, Evident, years ago, one

15  spreadsheet, and a number of product sheets and printouts from its website.  Defendant has also

16  produced certain patents that allegedly describe features of the Accused Products.  However, all

17  of these documents appear to be years old, or do not describe or confirm the operation, processes,

18  or manufacturing of the Accused Products today, or both.  This production is inadequate under

19  Patent L.R. 3.4.a and the authorities interpreting it, and further fails to comport with the entire

20  purpose and spirit of the Patent Local Rules, which is to enable the parties to "crystallize their

21  theories of the case early in the litigation and to adhere to those theories once they have been

22  disclosed."   *Cryptography Research, Inc.*, 2005 U.S. Dist. LEXIS 37013, at *5-6, *quoting*

23  *Integrated Circuit Sys. v. Realtek Semiconductor Co.*, 308 F.Supp.2d 1106, 1107 (N.D. Cal.

24  2004).   Accordingly, Defendant should be ordered to supplement its Rule 3.4.a production by

25  producing "any and all" technical documents in its possession, custody, or control.

26        1.   Production Cannot Be Withheld Due To The Pending Motion To Stay Or On The
           Basis Of Undue Burden

27

28        While Defendant does not deny that it is in possession of additional technical documents,

1    Defendant argues that production is premature in light of Defendant's pending Motion to Stay.

2    This argument lacks any basis in law, especially given that Defendant should have produced these

3    documents over a month ago.  In any event, this Court has not granted any stay and until a stay *is*

4    granted, Defendant has no right to withhold production.  Indeed, Plaintiffs are being prejudiced

5    with each passing day that they are not in possession of these technical documents, especially as

6    the July 22, 2011 deadline for the parties' Joint Claim Construction Statement rapidly approaches

7    and Plaintiffs are without the necessary documents to prepare their claim constructions.

8        Defendant also claims that producing these technical documents now would be inefficient,

9    as Defendant is currently reviewing its collection of documents, and compliance with Plaintiffs'

10   demand would require identification and production of a subset of technical documents now.  To

11   the extent that Defendant's argument is based on undue burden, it is entirely without merit.

12       It is well-established that the burden falls on the objecting party to demonstrate undue

13   burden.  *In re Toys "R" Us-Delaware, Inc.*, 2010 U.S. Dist. LEXIS 130884, at *19-20 (C.D. Cal.

14   July 29, 2010) (stating that the party objecting to discovery must set forth specific grounds as to

15   how, despite the liberal construction afforded federal discovery rules, the request is overbroad or

16   unduly burdensome).  Indeed, "[m]erely because compliance with a 'Request for Production'

17   would be costly or time-consuming is not ordinarily sufficient reason" to preclude production of

18   relevant documents.  *Id.* at *22 (citation omitted).  Similarly, "[t]he fact that production of

19   documents would be burdensome and…would hamper the party's business operations[,] may not

20   be a reason for refusing to order production of relevant documents."  *Santa Monica Baykeeper v.*

21   *Kramer Metals, Inc.*, 2009 U.S. Dist. LEXIS 69130, at *23 (C.D. Cal. Feb. 27, 2009) (internal

22   quotes and citation omitted).  Further, the objecting party must demonstrate that the alleged

23   burden outweighs the likely benefits of the discovery.  *See Baker v. Ark. Blue Cross*, 2009 U.S.

24   Dist. LEXIS 50367, at *4 (E.D. Cal. May 29, 2009).

25       Here, Defendant cannot validly assert that it would be unduly burdensome to produce

26   manufacturing protocols, up-to-date and complete manufacturing batch records, and packaging

27   protocols for the current Accused Products, especially when these documents should have been

28   produced with Defendant's Rule 3.4.a production.  Further, Defendant can hardly assert that

1    production would be unduly expensive or time consuming when Plaintiffs have identified the

2    specific categories of documents they seek, all of which are readily searchable.  It is inequitable

3    for Defendant to refuse to expend what is a relatively nominal cost in searching for and producing

4    documents that should have been produced long ago.  In any event, any supposed burden in

5    production is outweighed by the necessity and relevance of these documents.

6              2.       <u>The Requested Documents Are Necessary For Claim Construction, And The Court
                       Should Continue The Date For Filing The Joint Claims Construction Statement To
7                      Allow Plaintiffs Sufficient Time To Analyze Defendant's Technical Documents</u>

8              Finally, as previously stated, the necessity of the requested documents is heightened given

9    the rapidly approaching deadline for filing the Joint Claim Construction Statement in this action.

10   While Defendant questions the relevance of technical documents to claim construction, the courts

11   have consistently affirmed their relevance.  In *Wilson Sporting Goods Co. v. Hillerich & Bradsby*

12   *Co.*, the Federal Circuit held that, while claims may not be construed with *reference* to an accused

13   device, this does not "forbid awareness of the accused product or process to supply the

14   parameters and scope of the infringement analysis, including its claim construction component."

15   442 F.3d 1322, 1331 (Fed. Cir. 2006).

16             In *Wilson Sporting Goods* Co., the plaintiff appealed the district court's construction of

17   claims terms.  In its opinion, the Federal Circuit took specific note of the lack of description of

18   the accused infringing devices in the record and held that, "[w]ithout that additional context, [it

19   could not] fully and confidently review the infringement judgment, including its claim

20   construction component."  *Id.* at 1330.  The court's opinion affirms that documents relating to the

21   operation and processes of the accused instrument are entirely relevant to claim construction

22   because they provide meaningful and necessary context for construction.  *See id.* at 1326-27; *see*

23   *also Elan Microelectronics Corp. v. Apple, Inc.*, 2010 U.S. Dist. LEXIS 122011, at *26-27 (N.D.

24   Cal. Nov. 1, 2010) (quoting *Wilson Sporting Goods Co.*, 442 F.3d at 1326-27 ("While a trial court

25   should certainly not prejudge the ultimate infringement analysis by construing claims with an aim

26   to include or exclude an accused product or process, knowledge of that product provides

27   meaningful context for the first step in the infringement analysis, claim construction."); *see also*

28   *McKesson Info. Solutions LLC v. Epic Sys. Corp.*, 495 F.Supp.2d 1329, 1335 (N.D. Ga. 2007).

1   Here, Defendant has endeavored to "blindfold" Plaintiffs in their claim construction

2   analysis by withholding documents necessary to provide essential context for their constructions.

3   As stated, these documents should have been produced as part of Defendant's Rule 3.4.a

4   production, and must now be produced without further objection.  Furthermore, due to the delay

5   in Defendant's production of technical documents, Plaintiffs request that the Court continue the

6   July 22, 2011 deadline for filing the Joint Claims Construction Statement by providing Plaintiffs

7   with fourteen days from the date of Defendant's actual production to allow Plaintiffs adequate

8   time to analyze Defendant's technical documents.  Indeed, the Patent Local Rules contemplate

9   that the parties will have the benefit of this context by requiring infringement contentions,

10   invalidity contentions, and the defendant's production of technical documents prior to claim

11   construction proceedings.  Patent L.R. App. C ("Time Line of Exchange and Filing Dates"); *see*

12   *McKesson Info. Solutions LLC*, 495 F.Supp.2d at 1335 (adjusting claim construction deadlines to

13   allow the plaintiff time to review the defendants' compelled production of technical documents

14   prior to exchanging preliminary constructions).

15   **D.**   **Conclusion**

16   Defendant cannot provide any valid justification for withholding technical documents that

17   should have been produced under Patent L.R. 3.4.a and this Court's Scheduling Order.  Despite

18   numerous requests and meet and confer efforts, manufacturing protocols, up-to-date and complete

19   manufacturing batch records, and packaging protocols for the current Accused Products have not

20   been produced.  What Defendant has produced is not only insufficient, but it is outdated and

21   unreliable.   Thus, for the reasons provided herein, Plaintiffs request that the Court order

22   Defendant to produce all technical documents required under Patent L.R. 3.4.a and the Court's

23   Scheduling Order without further objection or delay.

**II.**

**DEFENDANT'S POSITION**

26   Defendant eBioscience, Inc. ("eBioscience"), by and through its undersigned counsel,

27   submits this memorandum of points and authorities in opposition to Plaintiffs' motion to compel

1   the production of certain eBioscience documents.  eBioscience met and conferred with counsel

2   for Plaintiffs Life Technologies Corp., Molecular Probes, Inc. and the Regents of the University

3   of California ("Plaintiffs") regarding this motion, and the parties were unable to reach agreement.

4   **I.     INTRODUCTION**

5         By their motion, Plaintiffs move to compel the production of documents including

6   eBioscience's manufacturing protocols, up-to-date and complete manufacturing batch records,

7   and packaging protocols for the accused products.   Plaintiffs assert that this information should

8   have been included with eBioscience's Patent L.R. 3.4.a disclosures.

9         To the contrary, Plaintiffs' motion should be denied at least because: (1) eBioscience

10  complied with the requirements of Patent L.R. 3.4.a; (2) the patent claims at issue are to

11  compositions, not manufacturing processes; (3) the patent claims will undoubtedly change as part

12  of the reexamination process now underway, thereby changing the claim construction and

13  infringement-related issues in the case; and (4) the parties' remaining costly and burdensome

14  document production efforts should not commence until after the Court issues its decision on

15  eBioscience's pending motion to stay.   Significantly, notwithstanding its motion to stay,

16  eBioscience continues to move forward with its obligations relating to the claim construction

17  phase.  Since filing its motion for stay, eBioscience has served its preliminary and rebuttal claim

18  construction positions and agreed to provide supplementation to discovery responses even though

19  their relevance to the claim construction phase of the case is tenuous at best, especially now that

20  reexamination has been ordered.

21  **II.     FACTUAL BACKGROUND**

22        A.     eBioscience's Patent Local Rule 3.4.a Document Production

23        eBioscience served its Invalidity Contentions and accompanying document production

24  pursuant to Patent L.R. 3.3 and 3.4 on May 16, 2011.  (Tempesta Decl. Exh. 1).[2]  As required by

25  Patent L.R. 3.4.a, eBioscience produced "documentation sufficient to show the operation of any

26

_____

27  [2] Citations to Tempesta Decl. refer to the Declaration of Jennifer C. Tempesta in Support of
    eBioscience's Portion of the Parties' Joint Motion for Determination of Discovery Dispute No. 2,
28  submitted contemporaneously herewith.

aspects or elements" of the accused products.  Specifically, eBioscience produced almost 200 pages of documents including detailed PowerPoint presentations, spreadsheets, patents, and information available at eBioscience's website showing the composition of the accused products. (Tempesta Decl. Exh. 2).

Despite this production, on June 21 (more than a month after eBioscience's production), Plaintiffs took the position that eBioscience has not provided enough information about the accused products to proceed with the claim construction phase of the case.  eBioscience disagrees that any additional document production is needed in advance of claim construction.  However, in an attempt to reach agreement with Plaintiffs on this issue, at Plaintiffs' request, eBioscience agreed to provide by July 6 the specific column and line numbers from the patents it produced in connection with Patent Local Rule 3.4.a, to better inform Plaintiffs which portions of those patents are practiced by eBioscience in manufacturing the accused products.  eBioscience also agreed to provide a supplemental response to Plaintiffs' Interrogatory No. 4 by July 8 relating to why eBioscience does not infringe the Patents-in-Suit. [3]   eBioscience requested that Plaintiffs wait to receive this information from eBioscience to determine whether this supplementation is sufficient to meet Plaintiffs' concerns.  Plaintiffs refused and instead insisted on filing this motion to obtain additional documents from eBioscience immediately.  Plaintiffs have also failed to articulate why documentation detailing eBioscience's highly proprietary *methods* of manufacturing is relevant to the accused end product *compositions* in view of the fact that only *composition* patent claims are at issue in this case.  Moreover, Plaintiffs have not identified which composition claim elements, if any, they feel have not yet been disclosed in eBioscience's document production.

---

[3] Plaintiffs' Interrogatory No. 4 provides: "For each method, process, operation, application, service, product, reagent, kit, or system identified in Interrogatory No. 1 [*i.e.,* products eBioscience incorporates or uses in connection with semiconductor nanocrystals] that You assert does not infringe one or more of the claims of the Patents-in-Suit, identify the claims that You assert would not be infringed; all bases on which You rely to contend that any such claims would not be infringed either literally or under the doctrine of equivalents including any basis on which You rely to assert that Life Tech is estopped from asserting infringement by the doctrine of equivalents; all facts on which You rely for Your assertion; and all documents and circumstances relating to those facts and all persons with knowledge of those facts."

1    **B.**    **eBioscience's Motion to Stay the Case Pending Reexamination**

2        eBioscience filed a motion to stay this case pending *ex parte* reexamination in the U.S.

3   Patent and Trademark Office ("PTO") of U.S. Patent No. 6,423,551 ("the '551 Patent"), U.S.

4   Patent No. 6,699,723 ("the '723 Patent") and U.S. Patent No. 6,927,069 ("the '069 Patent")

5   (collectively, "the Patents-in-Suit) on May 18, 2011.  (Dkt. 43).  Plaintiffs filed an opposition on

6   June 6 (Dkt. 45), and eBioscience filed a reply on June 13.  (Dkt. 52).  The Court took

7   eBioscience's motion under submission and the parties await a ruling on the pending motion to

8   stay.  (*See* Dkt. 55).  Just this week, the PTO granted the request for reexamination of the '551

9   Patent.  (Tempesta Decl. Exh. 6).  Statistically, there is an overwhelming likelihood that the other

10  two requests will also be granted in due course.[4]  (*See generally* Dkt. 43).  Once the PTO orders

11  reexamination, 77% of the time claims are cancelled or modified (*see* Dkt. 52 at 8), meaning

12  claim construction and infringement issues, among others, will change if not altogether be

13  rendered moot.

14  **III.   ARGUMENT**

15      **A.**    **eBioscience Complied with Patent Local Rule 3.4.a**

16      In compliance with Patent L.R. 3.4.a, eBioscience produced "documents sufficient to

17  show the operation of any aspects or elements" of the accused products.  (*See* Tempesta Decl.

18  Exhs. 1-2).  The documents produced by eBioscience show the composition or elements of the

19  accused products.  (*See id.*).  Moreover, in an effort to compromise with Plaintiffs, eBioscience

20  agreed to identify the specific portions of the patents it practices in making the accused products,

21  and supplement its response to Plaintiffs' Interrogatory No. 4 relating to eBioscience's non-

22  infringement positions.  While eBioscience disputes that any of this additional information is

23  necessary for claim construction to proceed, the provision of this information is undoubtedly

24  sufficient for the purposes of claim construction.  Plaintiffs have not identified a specific need for

25  eBioscience's highly confidential manufacturing documents at this juncture in the case.

26  Importantly, the patent claims Plaintiffs assert eBioscience is infringing are all *composition* or

27

28

[4] If acted upon as quickly as the '551 Patent request, a PTO decision on the two remaining patents would issue in July.

1    *product* claims – none are directed to the *method* of manufacturing the products.  This Court has

2    read "Patent Local Rule 3.4(a) as requiring the responding party to provide the raw data (source

3    code, schematics, formulas, etc.) sufficient to show the operation of the accused aspects of the

4    products in order to allow the patentee to make its own determinations as to infringement."

5    *NessCap Co., Ltd. v. Maxwell Techs., Inc*., No. 07-0704, 2008 WL 152147, at *3 (S.D. Cal. Jan.

6    16, 2008).  That is precisely what eBioscience has done.  eBioscience's manufacturing methods

7    are not germane to the determination of infringement of the asserted *composition* claims.

8    Moreover, Plaintiffs have not identified any claim elements they contend were not covered by

9    eBioscience's document production.

10        In contrast to this Court's decision in *I-Flow Corp. v. Apex Medical Techs., Inc.,* 250

11   F.R.D. 508, 510 (S.D. Cal. 2008), where only 13 pages of documents had been produced, and at

12   least some of them were created specifically for the purpose of the litigation at issue, eBioscience

13   has produced almost 200 pages of documents pursuant to Patent L.R. 3.4.a (bearing Bates Nos.

14   EBIO0004735-4913).  All of these are pre-existing documents that detail the *composition* of the

15   accused products.

16        Thus, Plaintiffs' insistence that they are entitled to eBioscience's highly sensitive

17   manufacturing documents at this time is entirely without merit.  Such documents are not required

18   to meet eBioscience's obligations under Patent L.R. 3.4.a, nor are they relevant to the claim

19   construction phase of this case.

20        B.    The Parties' Document Production Efforts Should Continue after the

21             Court Issues Its Decision on eBioscience's Motion to Stay the Case

22        In their instant motion, Plaintiffs are limiting their argument for production of documents

23   to what is required pursuant to Patent L.R. 3.4.a.  Yet the documents they seek go beyond that

24   rule.  eBioscience has already collected all documents potentially relevant to this entire action

25   from agreed-upon custodians and is waiting to process these documents for production in this

26   case until after the Court decides eBioscience's pending motion to stay.  Plaintiffs appear to be

27

28

doing the same.[5]  It will be very costly for eBioscience to have its document production vendor begin to process all of these collected documents and unduly costly and inefficient to cull, review and process only the subset of documents currently being pursued by Plaintiffs – documents that are beyond the scope of what is required under Local Rule 3.4.a.  Moreover, it would be inefficient to engage in the process of producing all of eBioscience's potentially relevant documents if the Court soon thereafter decides to grant eBioscience's motion to stay.  Where, as here, (1) a litigation is in its early stages; (2) a stay would not cause undue prejudice to Plaintiffs (especially in view of the fact Plaintiffs waited two years to bring this action); and (3) a stay will likely simplify the issues for trial, courts routinely grant motions to stay pending reexamination.  *See, e.g., Dataquill Ltd. v. High Tech Computer Corp.*, No. 08-cv-543, 2009 WL 1391537, at *1 (S.D. Cal. May 14, 2009).  (*See also* Dkt. 43).  Thus, in view of the likelihood that the Court will grant the motion to stay, or at least soon decide it, and that the issues in the case will change, proceeding with major document productions now, especially beyond what is required under the Local Rules, would be inefficient, a waste of the parties' resources and an unfair burden on eBioscience.

Plaintiffs' sudden "need" for these documents for claim construction on the eve of the Court's decision on a stay is highly suspect.  eBioscience, at great burden and expense and beyond its obligations under the rules, is being asked to provide in house counsel of a competitor with these highly proprietary "process" documents with little if any relevance to this matter and no relevance to the claim construction phase of this case concerning "composition" claims now underway.  Assuming *arguendo* the documents have some relevance as of today, they may have no relevance once the reexaminations of the Patents-in-Suit are completed.  Plaintiffs proffered no terms requiring claim construction on May 27.  Plaintiffs never tied the need for these documents as part of the claim construction phase until June 21 – more than a week *after* they

---

[5] Plaintiffs have yet to produce documents responsive to eBioscience's document requests except those processed and produced in an earlier litigation.  Even then, Plaintiffs waited until after eBioscience moved to stay to produce the documents from the earlier litigation.  Thus, as best as eBioscience can tell, no party has expended significant time or money in this case processing and reviewing all documents responsive to document requests.

1    served their rebuttal claim constructions.

2    **IV.    <u>CONCLUSION</u>**

3         Accordingly, eBioscience respectfully requests that the Court deny Plaintiffs' motion to

4    compel the production of documents relating to eBioscience's manufacturing of the accused

5    products.

6

7    Dated: July 1, 2011                         <u>/s/ Matthew D. Murphey</u>
                                                  Matthew D. Murphey, Esq.
8                                                 TROUTMAN SANDERS LLP
                                                  Attorneys for Plaintiffs/Counterdefendants
9                                                 LIFE TECHNOLOGIES CORPORATION,
                                                  MOLECULAR PROBES, INC., and THE
10                                                REGENTS OF THE UNIVERSITY OF
                                                  CALIFORNIA

11   Dated: July 1, 2011                         /s/  Richard A. Clegg

12                                                _____
                                                  Richard A. Clegg (SBN 211213)
13                                                LAW OFFICE OF RICHARD CLEGG
                                                  501 West Broadway, Suite 800
14                                                San Diego, California 92101
                                                  Telephone: (619) 400-4920
15                                                Facsimile: (619) 400-4929
                                                  rick@rclegglaw.com
16
                                                  Gary M. Butter (pro hac vice)
17                                                Jeffrey D. Sullivan (pro hac vice)
                                                  Jennifer C. Tempesta (pro hac vice)
18                                                BAKER BOTTS L.L.P.
                                                  30 Rockefeller Plaza, 44th Floor
19                                                New York, New York  10112-4498
                                                  Telephone: (212) 408-2500
20                                                Facsimile:  (212) 408-2501

21

22                                                Attorneys for Defendant,
                                                  EBIOSCIENCE, INC.
23

24

25

26

27

28

TROUTMAN SANDERS LLP
11682 EL CAMINO REAL, SUITE 400
SAN DIEGO, CA 92130

1113507v3                          - 15 -                          10CV2127