# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFE TECHNOLOGIES CORPORATION; MOLECULAR PROBES, INC.; and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiffs,<br><br>vs.<br><br>EBIOSCIENCE, INC.,<br><br>Defendant. | CASE NO. 10cv2127 - IEG (NLS)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULING ORDER AND FOR LEAVE TO AMEND COMPLAINT**<br><br>[Doc. No. 90] |

On August 9, 2012, Plaintiffs filed a motion for relief from the April 4, 2011 deadline for motions to amend and for leave to file an amended complaint adding three new patents. [Doc. No. 90.] For the reasons below, the Court **DENIES** Plaintiffs' motion in its entirety.

## BACKGROUND

On October 12, 2010, Plaintiffs filed the original complaint in this action, alleging infringement of three patents, United States Patent Nos. 6,423,551, 6,699,723, and 6,927,069 (collectively, the "patents-in-suit"). [Doc. No. 1.] On January 6, 2011, Defendant filed an answer asserting counterclaims of non-infringement and invalidity, and on January 27, 2011, Plaintiffs filed an answer to Defendant's counterclaims. [Doc. Nos 10, 21.] After conference with the parties on March 2, 2011, the Court entered a scheduling order that held, *inter alia*, "[a]ny motion to . . . amend the pleadings . . . shall be filed on or before April 4, 2011." [Doc. No. 26.] At the April 4 deadline, Plaintiffs filed a motion for leave to amend [Doc. No. 30], which the Court

1  granted on April 11, 2011. [Doc. No. 31.] Plaintiffs filed an amended complaint on April 12,
2  2011, adding allegations of willful infringement. [Doc. No. 35.] On April 24, 2011, Defendant
3  filed an answer to the amended complaint, again asserting non-infringement and invalidity. [Doc.
4  No. 38.]
5       On May 18, 2011, Defendant moved to stay this action in light of its May 13, 2011
6  requests to the United States Patent and Trademark Office ("PTO") for reexamination of the
7  patents-in-suit. [Doc. No. 43.] After full briefing, the Court took Defendant's motion to stay
8  under submission, [*see* Doc. No. 55], but before ruling, on July 14, 2011, the parties submitted a
9  stipulated joint motion to stay in light of the, by that point, pending reexamination of the patents-
10 in-suit, [Doc. No. 69.]. The next day, July 15, 2011, the Court stayed the action pending
11 reexamination. [*See* Doc. No. 70.]
12      Three months into the stay, on September 27, 2011, the Court vacated all scheduling order
13 deadlines set to expire after July 15, 2011, but left dates prior to July 15, 2011 in place including
14 the April 4, 2011 deadline for motions to amend. [Doc. No. 75.] Six months into the stay, on
15 December 6, 2011, three new patents related to the patents-in-suit issued to Plaintiffs, United
16 States Patent Nos. 8,071,359, 8,071,360, and 8,071,361 (collectively, the "new patents" or
17 "pending patents"). [*See* Doc. Nos. 90-7 at 2, 90-9 at 2, 90-10 at 2.] After approximately a year,
18 upon joint motion by the parties and completion of the PTO's reexamination of the patents-in-suit,
19 [*see* Doc. No. 81], the Court lifted the stay in this action on June 7, 2012. [*See* Doc. No. 84.]
20      On June 8, 2012, the parties were ordered to lodge a joint report proposing new or
21 modified scheduling deadlines. [Doc. No. 85.] The parties lodged the joint report on June 18,
22 2012, and the Court entered an amended scheduling order on June 21, 2012; neither referenced the
23 April 4, 2011 deadline. [*See* Doc. No. 88.] Two months later, and well over a year beyond the
24 deadline for motions to amend, on August 9, 2012, Plaintiffs filed the present motion requesting
25 leave to file an amended complaint additionally alleging infringement of the three new patents.
26 [Doc. No. 90.]
27 **DISCUSSION**
28      Plaintiffs' motion relies solely on the liberal standards applicable under Rule 15(a). [*See*

1  Doc. No. 90 at 4-6.]  This reliance is misplaced; because the Court's scheduling order deadline for
2  motions to amend has passed, it is rather Rule 16(b) that governs and thus Plaintiffs bear the
3  burden of "show[ing] good cause for not having amended their complaints before the time
4  specified in the scheduling order expired."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294
5  (9th Cir. 2000); *see also Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 607-608 (9th Cir.
6  1992) ("Once the district court had filed a pretrial scheduling order pursuant to Federal Rule of
7  Civil Procedure 16 which established a timetable for amending pleadings that rule's standards
8  controlled."); *Lantiq Deutschland GMBH v. Ralink Tech. Corp.*, 2012 WL 1536070, at *2 (N.D.
9  Cal. April 30, 2012) ("motions to amend the pleadings filed after the date set in the court's
10 scheduling order must satisfy the more stringent "good cause" showing required under Rule 16.")

11       "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party
12 seeking . . . amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause'
13 standard primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975
14 F.2d at 609; *see also Onyx Pharm., Inc. v. Bayer Corp*., 2011 WL 4527402, at *2 (N.D. Cal. Sept.
15 21, 2011) (the "moving party must show reasonable diligence.").  To show the requisite diligence,
16 the party seeking amendment must establish both "that her noncompliance with a Rule 16 deadline
17 occurred . . . because of the development of matters which could not have been reasonably
18 foreseen or anticipated" and "that she was diligent in seeking amendment of the Rule 16 order,
19 once it became apparent that she could not comply."  *Jackson v. Laureate, Inc*., 186 F.R.D. 605,
20 608 (E.D. Cal. 1999); *Harris v. Vector Marketing Corp*., 2010 WL 3743532, at *2 (Sept. 17, 2010)
21 (a party that "has failed to explain why [it] did not move [] earlier," "has failed to satisfy the Rule
22 16(b) good cause standard.").

23       Here, Plaintiffs make no attempt to establish good cause and that alone warrants denial.
24 *See*, *e.g.*, *Harris*, 2010 WL 3743532, at *2 ("there has been no attempt whatsoever to make any
25 demonstration of reasonable diligence . . . For that reason alone, [plaintiff] has failed to satisfy the
26 Rule 16(b) good cause standard."); *Berger v. Rossingnol Ski Co., Inc.*, 2006 WL 1095914, at *5
27 (N.D. Cal. April 25, 2006) (denying leave to add patent because "plaintiffs offer so little
28 explanation that to permit amendment [] would render the "good cause" requirement

meaningless.").

But even had Plaintiffs invoked the appropriate standard and attempted the requisite showing, denial would still be warranted because Plaintiffs' record in this regard does not reflect reasonable diligence. "Parties anticipating possible amendments to their pleadings have an "unflagging obligation" to alert the Rule 16 scheduling judge of the nature and timing of such anticipated amendments." *Jackson*, 186 F.R.D. at 608. Here, Plaintiffs seek to add patents, purportedly closely related to the patents-in-suit, [*see, e.g.*, Doc. No. 90-1 at 3], that were already pending up to four years before the commencement of this action. [*See* Doc. Nos. 90-7 at 2, 90-9 at 2, 90-10 at 2.] Yet, during the first nearly two years of this case, Plaintiffs made no attempt to alert the Court that these pending patents even existed, much less that they could issue during and multiply the course of this litigation. Nor did Plaintiffs allude to any anticipated amendment in regard to these patents when the April 4, 2011 scheduling order deadline was entered. Nor any attempt to alert the Court when, three months into the stay, the Court vacated all later dates but expressly left the April 4, 2011 deadline in place. Nor any attempt to alert the Court when these patents did in fact issue. Nor any attempt to alert the Court six months later when the stay in this action was lifted. As such, Plaintiffs' noncompliance cannot be termed a result of "matters which could not have been reasonably foreseen or anticipated." *Jackson*, 186 F.R.D. at 608; *see also Acri v. International Ass'n of Machinists and Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) ("late amendments . . . are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.").

Moreover, when the stay was lifted, six months after the new patents had issued and already well over a year past the deadline for motions to amend, the Court gave the parties opportunity to propose new scheduling deadlines in a joint report. [*See* Doc. No. 85.] Though the parties proposed over twenty separate modifications to the scheduling order, including new deadlines for a range of motions and other filings, Plaintiffs failed to raise any concern as to the long since passed deadline for motions to amend, let alone propose a new deadline in light of the newly issued patents. [*Cf.* Doc. No. 88.] Rather, Plaintiffs waited another two months, and until after an amended scheduling order had issued, to file the present motion. [*See* Doc. Nos. 88, 90.]

Such "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609.

Plaintiffs' failure to establish reasonable diligence alone warrants denial of the present motion. *See Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (quoting *Johnson*, 975 F.2d at 609). Additionally, doubling the number of patents in dispute will plainly necessitate amendment of Plaintiffs' infringement contentions, which is disfavored under the Southern District of California Patent Local Rules. *See LG Electronics Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002) ("The patent local rules [governing amendment of infringement contentions] require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed . . . Unlike the liberal policy for amending pleadings, the philosophy behind amending [infringement contentions] is decidedly conservative.").[1] So, too, doubling the number of patents will surely multiply and prolong discovery, exacerbating an already delayed case schedule. *Cf. Johnson*, 975 F.2d at 609 (undue delay may support denial of untimely motions to amend). These concerns further support denial of Plaintiffs' motion.

## CONCLUSION

For all of the foregoing reasons, Plaintiffs' motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:** August 21, 2012

**IRMA E. GONZALEZ**
**United States District Judge**

---

[1] Interpretation of the Northern District of California's Patent Local Rule 3.7 may inform interpretation of the Southern District of California's nearly identical Patent Local Rule 3.7. *See Venetec Intern., Inc. v. Medical Device Group, Inc.,* 2007 WL 2238475, at *4-5 (S.D. Cal. Aug. 3, 2007)